ORDERED in the Southern District of Florida on Dec 12, 2006



John K. Olson, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | |
|---|---|
| In re<br><br>THOMAS AIRCRAFT PARTS CO., INC.<br>d/b/a TAPCO, INC.,<br><br>      Debtor.<br>_____/ | Case No. 05-24182-BKC-JKO<br><br>CHAPTER 7 |
| MARIKA TOLZ, Chapter 7 Trustee for the estate of Thomas Aircraft Parts Co., Inc.,<br><br>      Plaintiff,<br>vs.<br><br>CAITLIN THOMAS,<br><br>      Defendant.<br>_____/ | ADV. NO. 06-1542-BKC-JKO-A |

### MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CAITLIN THOMAS

THIS CAUSE came before the Court upon the Motion to for Summary Judgment [C.P. 17] (the "Motion") against Defendant Caitlin Thomas (the "Defendant" or "Ms. Thomas") filed by Plaintiff, Marika Tolz (the "Trustee"), Chapter 7 Trustee for the estate of Thomas Aircraft Parts Co., Inc. (the "Debtor"). The Court, having reviewed the Motion, file and other papers

submitted by the parties, having heard the arguments of counsel, and otherwise being fully advised in the premises, hereby

FINDS AND DETERMINES as follows:

### Findings of Fact

**A.    Background**

On July 6, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. [C.P. 26, ¶ 1]. Prior to the Petition Date, the Debtor was engaged in the business of providing new and/or refurbished aircraft parts. [Id., ¶ 2]. On August 22, 2005, the Bankruptcy Court entered an Order converting the Debtor's Chapter 11 case to a case under Chapter 7. [Id., ¶ 3]. Plaintiff is the duly appointed and acting Chapter 7 trustee for the Debtor's estate. [Id., ¶ 4]. The Defendant is an individual who is a resident of Florida, who resides at 12126 NW 9th Place, Coral Springs, Florida 33071. [Id., ¶ 5]. The Defendant is the daughter of Jeffrey G. Thomas ("Mr. Thomas"), one of the Debtor's principal. [Id., ¶ 6].

**B.    Undisputed Material Facts**

On May 31, 2006, the Trustee commenced this adversary proceeding against the Defendant, seeking to avoid and recover a pre-petition transfer made by the Debtor to the Defendant as a preference and for the turnover of the same as property of the estate. [C.P. 1]. On October 9, 2006, the Trustee filed the Motion. [C.P. 17].

After holding a preliminary and final hearing on the Motion, the Court finds the following to be the relevant undisputed material facts of record in this case:

1.    On June 7, 2005, the Debtor made payment to Ms. Thomas in the amount of $10,500.00 payable by company check (the "Pre-Petition Transfer"). [C.P. 26, ¶ 7].

2. The Defendant received, endorsed, and deposited the Pre-Petition Transfer into her bank account, which cleared the Debtor's bank account on June 8, 2005. [Id., ¶ 8]. See also [C.P. 1, Ex. A].

3. The Debtor paid the Pre-Petition Transfer to Ms. Thomas on account of a loan she made to the Debtor. [C.P. 26, ¶ 9].

4. No written agreement was ever executed between the Debtor and Ms. Thomas for the loan. [Id., ¶ 10].

5. Ms. Thomas admits having received the Pre-Petition Transfer from the Debtor on account of such loan. [Id., ¶ 11].

## Conclusions of Law

**A.   Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Summary judgment may be entered only where there are no genuine issues of material fact. See Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991). The Plaintiff has the burden of meeting Rule 56's standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the Plaintiff satisfies its initial

burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the Defendants to "'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 324). An adverse party to a summary judgment motion "must come forward with facts, and not doubts as to the veracity of the moving party's allegations." Claudio v. United States, 907 F. Supp. 581, 584 (E.D.N.Y. 1995). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" Id. (quoting Matsushita, 475 U.S. at 586). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. "[The] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

**B.    Pre-Petition Transfer Is Avoidable and Recoverable by the Trustee**

The Pre-Petition Transfer is avoidable and recoverable by the Trustee. Pursuant to Section 547(a), title 11 of the United States Code (the "Bankruptcy Code"), the Trustee

> may avoid any transfer of an interest of the debtor in property--
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
> > (A) on or within 90 days before the date of the filing of the petition; or

4

> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if--
>
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title

11 U.S.C. § 547(b).

In the instant case, the Pre-Petition Transfer constituted a transfer of property of the Debtor. See 11 U.S.C. § 541(a). Additionally, the Debtor made the Pre-Petition Transfer to or for the benefit of the Defendant, who was a creditor of the Debtor by virtue of her pre-petition loan. [C.P. 26, ¶ 9]. Indeed, the Defendant admitted having received the Pre-Petition Transfer from the Debtor for or on account of the pre-existing loan owed by the Debtor to the Defendant within 90 days from the Petition Date. [C.P. 26, ¶¶ 8-9].

As noted above, on June 7, 2005, the Debtor issued a corporate check in the name of the Defendant in the amount of the Pre-Petition Transfer, which the Defendant received, endorsed and deposited in her bank account. [C.P. 26, ¶ 8] [C.P. 1, Ex. A]. The Debtor's bank honored the check for the Preference Transfer on June 8, 2005, which undoubtedly occurred within 90 days from the Petition Date. [Id.] Barnhill v Johnson, 503 U.S. 393 (1992) (transfer occurs on the *date of honor* by the drawee bank).

Because the Pre-Petition Transfer occurred within 90 days from the Petition Date, it raises the presumption of the Debtor's insolvency at the time the Pre-Petition Transfer was

made.[1] 11 U.S.C. § 547(f) (debtor presumed to be insolvent during the 90 days preceding the date of the filing of the petition). An entity is "insolvent" when "the sum of ... [an] entity's debts is greater than all of such entity's property, at a fair valuation...." 11 U.S.C. § 101(32)(A).

In the instant case, as of the Petition Date, the Debtor's liabilities exceeded its assets as evidenced by the Debtor's bankruptcy schedules, which show total assets of $424,500 and total liabilities of $968,767. [Main Bankr. Case, C.P. 9].[2] No record evidence was presented to rebut the presumption of the Debtor's insolvency at the time the Pre-Petition Transfer was made by the Debtor to the Defendant.

Further, the record evidence clearly establishes that the Defendant received <u>more</u> than she would have been entitled to receive as a general unsecured creditor in Chapter 7 distribution if the Pre-Petition Transfer was not made. Because the Debtor's assets are insufficient to provide a 100 percent distribution to the general unsecured creditors in this case, any creditor holding an unsecured claim who received a payment during the 90-day preference period received more than it would have received in a Chapter 7 liquidation. Indeed, a cursory review of the Debtor's schedules and filed claims show that 100 percent distribution to unsecured creditors would not be feasible in this case. <u>Flatau v. Tribble's Shoes, Inc. (In the matter of Lawrence)</u>, 82 B.R. 157, 160-61 (Bankr. M.D. Ga. 1988) (a plaintiff may rely upon the debtor's schedules and filed claims to show that a 100 percent distribution to unsecured creditors would not be possible). Accordingly, the Court finds that the Pre-Petition Transfer constitutes a preferential transfer

---

[1] Section 101(31)(b)(vi) of Bankruptcy Code defines an "insider" as "a relative of a general partner, director, officer, or person in control of the debtor." 11 U.S.C. § 101(31)(b)(vi). Although by definition the Defendant is consider an insider of the Debtor, it has no effect on the look back period in the instant because the Preference Transfers occurred within 90 days from the Petition Date.

[2] Pursuant to Fed. R. Evid. 201, the Court hereby takes judicial notice of the Debtor's schedules filed in the Main Bankruptcy Case as requested by Plaintiff.

avoidable and recoverable by the Trustee pursuant to Sections 547(b) and 550(a) of the Bankruptcy Code.

As to her only affirmative defense, the Defendant asserted that her father, Mr. Thomas, repaid the Pre-Petition Transfer to the Debtor sometime after the Petition Date. [CP 6, ¶ 3]. In support of her defense, the Defendant made reference to the Affidavit of Jeffrey G. Thomas. [C.P. 28, ¶¶ 2-4]. However, the Defendant failed to file the affidavit with the Court.[3] Even if the Defendant would have filed said affidavit, the Court nevertheless finds that the Defendant's affirmative defense is irrelevant for purposes of a preference action. Mr. Thomas' debtor/creditor relationship with the Debtor is irrelevant for purposes of considering whether the Defendant, his daughter, received an avoidable preferential transfer. Additionally, the Defendant did not raise any other defenses available under Section 547(c) of the Bankruptcy Code. As such, the Defendant failed to raise any cognizable and valid defense to having received the preferential transfer avoidable and recoverable under Sections 547(b) and 550(a) of the Bankruptcy Code.

## Conclusion

Because no genuine issue of material facts exist as to the Pre-Petition Transfer being an avoidable and recoverable transfer under Sections 547(b) and 550(a) of the Bankruptcy Code coupled with the Defendant's failure to raise any cognizable and valid defense to the same, the Trustee is entitled to a Final Summary Judgment against the Defendant for the value of Pre-Petition Transfer as a matter of law.

---

[3] Because the Court cannot find Mr. Thomas' affidavit as part of the record in this case, the Court will not consider it to reach its decision herein. Further, the lack of such affidavit is an additional basis for denying the Defendant's opposition to the Trustee's Motion.

Based upon the foregoing findings of fact and conclusions of law, the Court ORDERS AND ADJUDGES that the Trustee's Motion is GRANTED.

###

Submitted By

Carlos E. Sardi, Esq.
Genovese Joblove & Battista, P.A.
Bank of America Tower
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310
Email: csardi@gjb-law.com
Copies Furnished To:

Carlos E. Sardi, Esq.
[Attorney Sardi is directed to serve a copy of this Order upon all parties in interest].